UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GLORY G. KGANELA-TIRO,

    Plaintiff,

v.                                              Case No: 2:14-cv-364-FtM-38MRM

NAPLES BAY RESORT
BENCHMARK,

    Defendant.
_____/

**ORDER**[1]

This matter comes before the Court on the Plaintiff, Glory Kganela-Trio's Amended Complaint (Doc. #21) filed on December 7, 2015. On November 17, 2015, this Court issued an Order (Doc. #20) dismissing Plaintiff's Complaint for failure to state a claim and for failure to administratively exhaust her claims for discrimination based upon her national origin, religion, sex, and color. These claims were dismissed with prejudice. Plaintiff's claim of race discrimination was dismissed without prejudice and Plaintiff was granted leave to file an amended Complaint. Plaintiff has now filed her Amended Complaint.

In its Order dismissing the Plaintiff's initial Complaint, the Court addressed both procedural and substantive issues regarding Plaintiff's Complaint.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

*Procedural*

In its Order, the Court provided Plaintiff with some information about proceeding *pro se*. What follows are some—not all—procedural rules the Court instructed Plaintiff that she must comply with in this legal proceeding. The Court reminded Plaintiff of these obligations because *pro se* litigants are subject to the same law and rules as litigants who are represented by counsel, including the Federal Rules of Civil Procedure, and the Local Rules of the United States District Court for the Middle District of Florida. Jablonski v. Martin, 2015 WL 6813823, * 2-3 (M.D. Fla. November 6, 2015) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Plaintiff was informed that all pleadings and other papers tendered to the Court must be typewritten, double-spaced, in at least twelve-point type, on unglazed white 8½ x 11 paper, and with 1¼ inch margins. M.D. Fla. 1.05(a). Pursuant to Rules 8(a)(2) and 10(b), the Amended Complaint shall set forth separate causes of action in numbered counts against specific defendants and contain "a short and plain statement" of Plaintiff's claims demonstrating that Plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2), 10(b). In particular, Plaintiff was told that she should describe in sufficient detail the factual basis for each of her claims and how each defendant is responsible.

Plaintiff was cautioned that all documents filed with the Court must be in the form of a pleading or motion. See Fed. R. Civ. P. 7(a)-(b). Each pleading, motion, notice, or other paper should be presented in a separate document. In addition, all documents filed with the Court must include a caption (the same as set forth in the operative complaint); a brief title that describes the nature of the document; the filing party's name and signature; and a Certificate of Service.

Further, Plaintiff was told that all pleadings, motions, or other papers filed with the Court must include a signed Certificate of Service. The Court continued that a Certificate of Service was confirmation that the filing party has complied with the requirement of Rule 5 by serving on every other party to the action (or its attorney) a copy of the particular pleading, motion, or other paper filed with the Court. At a minimum, a Certificate of Service must state the date upon which a copy of the particular document was served on the other parties to the action (or their attorneys) and the means by which such service was made (e.g., U.S. Mail or hand delivery). Fed. R. Civ. P. 5.

Plaintiff was also directed to the Court's website at http://www.flmd.uscourts.gov. to review a section titled "Proceeding without a Lawyer" with additional helpful information to aide her in proceeding with her case *pro se*.

Plaintiff failed to comply with the Court's procedural directives in her Amended Complaint.  The Amended Complaint is hand written and provides no factual basis or law to support any of the alleged claims as required by Fed. R. Civ. P. 8.  The Amended Complaint does not state who discriminated against her nor how such discrimination occurred and there is no certification of service   Thus, the Amended Complaint failed to follow the Court's procedural directives.

## *Substantive*

Finally Plaintiff was cautioned that failure to comply with the Court's Order and file an Amended Complaint that states a claim would result in her case being dismissed.  The Court allowed Plaintiff to amend her Complaint and file a claim for race discrimination only.  In order to establish a case of race discrimination under the framework adopted by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817,

36 L. Ed.2d 668 (1973), a plaintiff establishes a prima facie case of discrimination by showing: (1) he or she is a member of a protected class; (2) he was subjected to adverse employment action; (3) his employer treated similarly situated employees who are not members of the plaintiff's class more favorably; and (4) he was qualified for the job or job benefit at issue. Hopkins, 2013 WL 1437728, at *2 (citing Rice–Lamar v. City of Ft. Lauderdale, Fla., 232 F.3d 836, 842–843 (11th Cir.2000)). Although a complaint need not allege facts sufficient to make out a classic McDonnell Douglas prima facie case, Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511, 122 S. Ct. 992, 997, 152 L.Ed.2d 1 (2002), it must still provide 'enough factual matter (taken as true) to suggest' intentional discrimination. Hopkins, 2013 WL 1437728, at *2 (citing Davis v. Coca–Cola Bottling Co. Consol., 516 F.3d 955, 974 (11th Cir.2008)); Edwards v. Prime, Inc., 602 F.3d 1276, 1300 (11th Cir.2010) (addressing the effect of Iqbal and Twombly on the sufficiency of a Title VII hostile work environment claim).

Plaintiff's Amended Complaint sets forth no facts to suggest intentional discrimination. In fact, the Amended Complaint does not make any allegations or set forth any facts to support her claims, but instead merely lists apparent claims. The entire Amended Complaint reads as follows:

1. Wrongful Termination
2. Discrimination against my religion
3. Sexual Harrasment [sic]
4. Mental and Physical disability
5. Place or National Origin
6. Race
7. Color/Black

4

No further claims, facts, or allegations are made in the Amended Complaint. The Plaintiff's bare bones listing racial discrimination is insufficient to state a claim under Iqbal and Twombly.

The Plaintiff added a new claim to her Amended Complaint, one for mental and physical disability. The Complaint does not provide any factual basis as to what her mental or physical disabilities are nor how she was discriminated against because of her mental or physical disabilities.

A plaintiff has an obligation to provide the "grounds" of her "entitlement" to relief and said obligation requires more than labels, conclusions, and a formulaic recitation of the cause of actions elements. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561- 563, S. Ct. 127 S. Ct. 1955, 167 L. Ed 2d 929 (2007). Although the pleading standard announced in Fed R. Civ. P. 8 does not require "detailed factual allegations," it does demand more than an unadorned, "the-defendant-unlawfully-harmed-me accusation." Sinaltrainal v. Coca-Cola Co., 578 F. 3d 1252, 1268 (11th Cir. 2009) (citing Ascroft v. Iqbal, ----- U.S.----, 129 S. Ct. 1937, 1949, 173 L. Ed 2d 868 (2009). Since Plaintiff provided no basis for her claim—her claim for mental or physical disability is dismissed.

Accordingly, it is now **ORDERED:**

Plaintiff, Glory Kganela-Trio's Amended Complaint (Doc. #20) is **DISMISSED with prejudice**. The Clerk of the Court is directed to enter judgment accordingly, terminate any pending motions and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 8th day of December, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record